## IN RE DISBARMENT OF S. C. MILLER.[1]

February 26, 1937.

No. 30,852.

Oscar G. Haugland, Junell, Driscoll, Fletcher, Dorsey & Barker, and Kenneth M. Owen, for State Board of Law Examiners.

Charles M. Bank, for respondent.

PER CURIAM.

This proceeding for the discipline of Samuel Charles Miller, a member of our bar residing and practicing in the city of Minne-

[1]Reported in 271 N. W. 593.

apolis, has been submitted to us on the findings of the Honorable Alfred P. Stolberg, judge of the nineteenth district, to whom the matter was referred as referee.

There is no occasion for elaboration of the charges or evidence. In 1931, it appears from the record, one Samuel J. Weese attempted to hinder his then recently divorced wife in the collection from him of a substantial judgment for alimony. To that end, he transferred to Mr. Miller a certain note and mortgage wherein he was the creditor and one Niewald the debtor. Later, Niewald paid his debt to a bank at Luverne, Minnesota, where the proceeds were garnished on behalf of Mrs. Weese. The respondent here, Mr. Miller, intervened under his assignment from Weese and unsuccessfully claimed the money as his property. See Weese v. Weese, 191 Minn. 526, 254 N. W. 816.

Unfortunately for Mr. Miller, he testified at the garnishment disclosure and twice later when the matter was on trial in district court on the issues raised by his complaint in intervention. Without going into details, it is enough to say that his testimony on the three occasions does not match at all. It is so self-contradictory as abundantly to sustain the conclusion reached by the learned referee, "that said Miller in said transactions and the trials aforesaid was guilty of deceit and wilful misconduct in his profession as an attorney and violated his duties and obligations as an attorney and officer of the courts of Minnesota; that in his examinations as a witness in said trials his testimony was contradictory and evasive; that in one or both of said trials he testified falsely."

Also, as pointed out by the referee, Mr. Miller's answer in this proceeding puts not only his case, but also his attitude toward his profession and the courts, under a light of self-revelation of the most condemning character.

The petition and accusation relate in detail the history of Mr. Miller's dealings with Weese. That the framework of circumstance was truthfully stated was admitted by Mr. Miller as a witness for himself, intervening in the garnishment proceedings already referred to. Notwithstanding so much of truth in the allegations of

the petition and accusation against him, Mr. Miller's answer herein admitted only the one concerning his membership in the bar and his residence. Otherwise, "each and every thing, allegation, matter and statement" contained in the accusation was denied in his answer, verified by his oath as "true and correct."

The attempt of the accused to assist Mr. Weese fraudulently to defeat the claim against him for alimony was bad enough. Worse is the fact that much of Mr. Miller's testimony in the several hearings in the garnishment proceedings cannot be classified otherwise than as wilfully false and an effort to deceive the court. In the same ethical category is the obviously and intentionally false answer interposed before this court. In short, Mr. Miller has shown himself such a stranger to ethical standards of conduct, particularly in court, that he has no valid claim of right to continue as a member of the bar.

Let judgment of disbarment be entered forthwith.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.